IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Catherine Moore, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Cosi, Inc., )<br>)<br>Defendant. ) | CASE NO. 1:11-cv-1393<br>(GBL/TCB) |

## **MEMORANDUM OPINION**

This matter is before the Court on Defendant Cosi, Inc.'s ("Cosi") Motion to Dismiss (Dkt. No. 3). This case concerns the sufficiency of a civil complaint filed in the Circuit Court of Arlington County, Virginia, that was not signed by an attorney licensed to practice law in Virginia. The issue before the Court is whether the Court should grant Defendant Cosi's Motion to Dismiss Plaintiff Catherine Moore's Complaint when the Complaint is signed by an attorney licensed to practice law in the District of Columbia and includes the hand-written name and Virginia Bar number of an attorney licensed in Virginia but the Virginia attorney did not sign her name to the Complaint.

The Court grants Defendant's Motion to Dismiss the Complaint and dismisses all counts with prejudice because, under Virginia law, a Complaint that is not signed by an attorney licensed to practice law in Virginia is a legal nullity. Thus, there is no operative Complaint before the Court. Plaintiff cannot re-plead any of her claims because either the applicable statutes of limitations have run or she has failed to state a cognizable claim for relief.

1

## I. BACKGROUND

On November 4, 2011, Plaintiff Catherine Moore, through counsel, filed a Complaint in the Circuit Court of Arlington County containing eight counts against Defendant Cosi, her former employer: (1) Title VII hostile work environment; (2) Title VII quid pro quo discrimination; (3) Title VII retaliation; (4) intentional infliction of emotional distress; (5) battery; (6) assault; (7) wrongful discharge and wrongful discharge in violation of public policy; and (8) breach of an employment contract. Plaintiff based her Complaint on events that allegedly occurred during the term of her employment with Cosi, which ended on December 29, 2009. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on February 9, 2010, and received her Right to Sue Notice from the EEOC on August 5, 2011.

The Complaint was signed by S. Sarah Shah as "Counsel for Plaintiff" and included Ms. Shah's Washington, D.C. address. Ms. Shah's handwritten signature was the only signature on the complaint. The name of Ms. Ghezal Shah Myers and a Virginia Bar number was written in by hand below Ms. Shah's signature block. On November 5, 2011, Plaintiff filed a certificate of service that included Ms. Shah's handwritten signature above her typed name and the handwritten signature of Ms. Myers above her handwritten name. Ms. Myers is an active member of the Virginia State Bar in good standing and licensed to practice law in Virginia. Ms. Shah is licensed to practice law in Washington, D.C.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may attack subject matter jurisdiction by asserting that, as a factual matter, the plaintiff cannot meet his burden of establishing a jurisdictional basis for the suit. *See Adams v.*

*Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In order to determine whether jurisdiction exists, "[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Id.* (citing *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see* FED. R. CIV. P. 12(b)(6). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 555). A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 555 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "Conclusory allegations regarding the legal effect of the facts

alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiffs' claim is and the grounds upon which it rests," the plaintiffs' legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 556 n.3.

### III. ANALYSIS OF MOTION TO DISMISS COMPLAINT

**A. The Complaint Is a Legal Nullity Because It Is Not Signed by a Virginia Attorney**

The Court grants Defendant's Motion to Dismiss the Complaint because it was not signed by an attorney licensed to practice law in Virginia or by Plaintiff Catherine Moore. Virginia Code § 8.01-271 states that "pleadings shall be in accordance with Rules of the Supreme Court." Section 8.01-271.1 requires that "every pleading . . . of a party represented by an attorney shall be signed by at least one attorney of record in his individual name . . . . A party who is not represented by an attorney . . . shall sign [her] pleading . . . and state [her] address." Va. Code Ann. § 8.01-271.1 (West 2011). Virginia Supreme Court Rule 1:4(c) requires "counsel or an unrepresented party who filed a pleading [to] sign it and state [her] address." Rule 1A:4(2) provides that no out-of-state lawyer may appear *pro hac vice* in any Virginia tribunal except in association with an active member of the Virginia State Bar in good standing. Rule 1A:4(2) further provides that "any pleading . . . shall be invalid unless it is signed by local counsel." These rules require "a lawyer who files a pleading in a Virginia tribunal [to] append his personal, handwritten signature to the pleading." *Shipe v. Hunter*, 280 Va. 480, 484 (2010). "A pleading, signed only by a person acting in a representative capacity who is not licensed to practice law in Virginia, is a nullity." *Shipe*, 280 Va. at 483; *see also Aguilera v. Christian*, 280

Va. 486, 488 (2010); *Russell v. Gennari*, Case No. 1:07-CV-793, 2007 WL 3389998 (E.D. Va. Nov. 8, 2007).

Virginia Code § 8.01-6 permits a pleading to relate back to an original pleading when a party seeks to correct a misnomer, add a party, or add a claim or defense. *Kone v. Wilson*, 272 Va. 59, 63 (2006). "A defect in a signature to a pleading is not a defect that can be corrected pursuant to these statutes." *Id.*; *see also Shipe*, 280 Va. at 485 (upholding *Kone*). Further, a complaint that is deemed to be a legal nullity from lack of an appropriate signature cannot be amended because "an amendment to a pleading presupposes a valid instrument." *Kone*, 272 Va. at 63. A pleading that does not include the handwritten signature of an attorney licensed to practice law in Virginia is invalid. *Shipe*, 280 Va. at 484. "[If] Plaintiff's complaint is invalid under Virginia law, and would be dismissed in Virginia Circuit Court, it should be dismissed here as well. . . . [I]t is contrary to the correlative doctrines of comity and federalism to allow a case that would be dead under state law to be revived upon removal." *Russell*, 2007 WL 3389998 at *5.

The Complaint filed with the Circuit Court of Arlington County is invalid under Virginia law. Ms. Sarah Shah, an attorney licensed to practice law in Washington D.C., signed the Complaint as "Counsel for Plaintiff." The name of Ms. Ghezal Shah Myers, Esq., an attorney licensed to practice law in Virginia, and her Virginia Bar were printed by hand below Ms. Shah's name. However, Ms. Myers' signature does not appear on the Complaint.[1] The Complaint contains only the signature of an attorney who is not licensed in Virginia, Ms. Shah's signature, and is therefore invalid and a legal nullity.

---

[1] This is confirmed by comparing Ms. Myers' stylized signature as it appears on the certificate of service to the handwriting of her name on the Complaint. Based on this comparison, it is clear that the handwritten name on the Complaint was not intended to serve as a signature.

5

The Complaint would be dismissed in the Arlington Circuit Court and thus should be dismissed here under "the correlative doctrines of comity and federalism." *Russell*, 2007 WL 3389998 at *5. Further, Plaintiff cannot amend her Complaint because there is no valid document to amend. *Kone*, 272 Va. at 63. The defect cannot be remedied by an amendment that relates back to the original Complaint because Virginia Code §§ 8.01-6 through 8.01-6.1 do not allow an amendment to correct a defect in a signature to relate back. *Id.*; *Shipe*, 280 Va. at 485.

### B. The Complaint is Dismissed With Prejudice

Plaintiff cannot re-plead her claims because the applicable statutes of limitations have run on all of Plaintiffs' claims, except the breach of contract claim, of which Plaintiff does not oppose dismissal. Under 42 U.S.C. § 2000e-5(f)(1), an EEOC complainant has 90 days from receipt of a Right to Sue Notice to file a civil complaint. Virginia Code § 8.01-243(A) establishes a two-year statute of limitations for "every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud . . . ." Virginia Code § 8.01-246 establishes a five-year statute of limitations for breach of contract claims based on a contract signed by the "parties to be charged thereby" and a three-year statute of limitations for claims based upon unwritten contracts, whether express or implied.

As such, Plaintiff cannot assert in a new complaint her Title VII and tort claims. Plaintiff's hostile work environment, quid pro quo discrimination, and retaliation claims are time-barred under Title VII because more than 90 days have passed since Plaintiff received her Right to Sue Notice on August 5, 2009. *See* 42 U.S.C. § 2000e-5(f)(1). Similarly, Plaintiff's intentional infliction of emotional distress, battery, assault, and wrongful discharge claims are barred by Virginia's two-year statute of limitations for these claims, *see* Va. Code § 8.01-243(A), because over two years have passed since she was terminated on December 29, 2009, which is

the last day Plaintiff's claims could have accrued. Therefore, Counts I through VII of the Complaint are now barred by the applicable statutes of limitations.

Although Plaintiff's breach of contract claim is not barred by the applicable five-year statute of limitations, *see* Va. Code § 8.01-246, she did not oppose Defendant's Motion to Dismiss as to this claim. Further, any attempt to re-plead this claim would be futile because Plaintiff was an employee at-will and, under Virginia law, either party can terminate the employment at any time without cause. *See Walton v. Greenbrier Ford, Inc.*, 370 F.3d 446, 453 (4th Cir. 2004).

Thus, all of Plaintiff's claims are dismissed with prejudice because her claims are either barred by the applicable statutes of limitations or are not cognizable under Virginia law.

## IV. CONCLUSION

The Court grants Defendant Cosi's Motion to Dismiss Plaintiff's Complaint because the complaint was not signed by Plaintiff Catherine Moore or by an attorney licensed to practice in Virginia and is therefore a legal nullity. This case is dismissed with prejudice because: (1) the applicable statutes of limitations have run with respect to the claims asserted in Counts I through VII; and (2) amendment would be futile with respect to the breach of contract claim asserted in Count VII because Plaintiff was employed at will and therefore cannot assert a claim for breach of contract for her termination.

ENTERED this 20th day of April, 2012.

Alexandria, Virginia

4/20/12

/s/
Gerald Bruce Lee
United States District Judge